**UNITED STATES of America, Plaintiff–Appellee,**

v..

**James BRANCH, Defendant–Appellant.**

**No. 16–16957**

United States Court of Appeals, Ninth Circuit.

Submitted November 15, 2017 *

NOVEMBER 20, 2017

Garth Hire, Esquire, Assistant U.S., Office of the U.S. Attorney, Oakland, CA, J. Douglas Wilson, Assistant U.S., DOJ–USAO, San Francisco, CA, for Plaintiff–Appellee.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

John J. Jordan, Law Offices of John J. Jordan, San Francisco, CA, for Defendant–Appellant.

Before: CANBY, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Federal prisoner James Branch appeals from the district court's denial of his 28 U.S.C. § 2255 motion to vacate. We have jurisdiction under 28 U.S.C. § 2253. We review the district court's denial of a section 2255 motion de novo, *see United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014), and we affirm.

Branch's section 2255 motion argued that *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), rendered the residual clause in U.S.S.G. § 4B1.2(a)(2) unconstitutionally vague, and therefore his prior California robbery conviction could no longer support his career offender sentence under U.S.S.G. § 4B1.1. This argument is foreclosed by *Beckles v. United States*, —— U.S. ——, 137 S.Ct. 886, 895, 197 L.Ed.2d 145 (2017). The government's concession in the district court that the residual clause in § 4B1.2(a)(2) was void does not bind this court. *See United States v. Perez–Silvan*, 861 F.3d 935, 938 n.2 (9th Cir. 2017) (courts "are not bound by a party's concession as to the meaning of the law" (internal quotations omitted)).

Branch contends, for the first time in his reply brief, that he is actually innocent of being a career offender because his predicate California robbery conviction no longer constitutes a crime of violence under the 2016 version of U.S.S.G. § 4B1.2(a)(2). Even if this argument were properly be-

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

fore this court, *see Padgett v. Wright*, 587 F.3d 983, 985–86 n.2 (9th Cir. 2009), it would be foreclosed. *See United States v. Chavez-Cuevas*, 862 F.3d 729, 740 (9th Cir. 2017) (reaffirming *United States v. Becerril-Lopez*, 541 F.3d 881 (9th Cir. 2008), which held that California robbery categorically qualifies as a crime of violence).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.